R. E. ABBOTT ET AL., PLAINTIFFS *v.* UNITED STATES SECRETARY OF LABOR, DEFENDANT

Court No. 81-1-00028

Before RE, *Chief Judge.*

(Dated February 11, 1982)

*Bruce M. Frey,* Esq., for the plaintiffs.
*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch; *Sheila N. Ziff,* Esq., for the defendant.

RE, *Chief Judge:* In this action, brought pursuant to section 284 of the Trade Act of 1974, 19 U.S.C. § 2395, as added by the Customs Courts Act of 1980, Pub. L. No. 96-417, 94 Stat. 1727, and 28 U.S.C. § 1581(d), plaintiffs move to supplement the administrative record by adding three documents. Plaintiffs seek judicial review of a determination made by the Secretary of Labor on September 11, 1980 denying plaintiffs' certification of eligibility for trade adjustment assistance pursuant to section 223 of the Trade Act of 1974, 19 U.S.C. § 2273. Plaintiffs allege that the November 5, 1981 decisions of the appeals referee for the Indiana Employment Security Division, "as to whether individual plaintiffs herein and other employees * * * are eligible" for trade adjustment assistance benefits, are relevant to the court's consideration of the administrative record in this action.

Defendant opposes plaintiffs' motion on the ground that to grant the motion would contravene the intent of 28 U.S.C. § 2640(c), as added by the Customs Courts Act of 1980, Pub. L. No. 96-417, 94 Stat. 1727.

Section 2640(c) states that in any action commenced to review a final determination of the Secretary of Labor under section 223 of the Trade Act of 1974, 19 U.S.C. § 2273 (1976), "the court shall review the matter as specified in section 284 of such Act." In pertinent part section 284 provides:

"(a) * * * such Secretary shall promptly certify and file * * * the record on which he based such [final] determination.

"(b) The findings of fact by the Secretary of Labor * * * if supported by substantial evidence shall be conclusive; but the court, for good cause shown, may remand the case to such Secretary to take further evidence * * * ."

Defendant's position is well taken. It is clear that the statutory scheme of section 284 contemplates judicial review of the Secretary's final determination upon the record made before the administrative agency, viz, the Department of Labor. In the order previously issued in this case, the court thus directed the parties to address, as one of the issues, "[w]hether the Secretary of Labor's findings and resulting determination denying plaintiffs' certification of eligibility for trade adjustment assistance * * * are supported by substantial evidence as contained *in the administrative record certified and filed with this court.*" (Emphasis added.) Accordingly, evidence, such as that offered here, is patently outside the record prescribed in section 284 of the Trade Act of 1974, and beyond the scope of review contemplated by 28 U.S.C. § 2640(c).

It is well settled that judicial review of administrative action is based upon the administrative record, and that the reviewing court may not receive new evidence. *Cincinnati, N.O. & Tex. Pac. Ry.* v. *ICC*, 162 U.S. 184 (1896); *United States* v. *Carlo Bianchi & Co.*, 373 U.S. 709 (1963). This principle of administrative law has been followed by this court in its recent decision in *Nakajima All Co., Ltd.* v. *United States*, 2 CIT 25, Slip Op. 81–63 (July 9, 1981).

In view of the foregoing, plaintiffs' motion to supplement the administrative record is denied. In accordance with the authority granted by section 284(b), however, the court orders that this action be remanded to the Secretary of Labor for administrative reconsideration in light of plaintiffs' offer of new evidence.

The Secretary is directed to report the determination to the court within 60 days of the date of entry of this Order, following which plaintiffs shall have 30 days in which to file briefs, and, defendant, after service of plaintiffs' briefs, shall have 30 days to file its response brief. After service of defendant's response brief, plaintiffs shall have 14 days in which to file their reply briefs. All briefs shall comply with the terms of the Order previously issued herein (Slip Op. 81–92 (Oct. 13, 1981)).